IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES § | |
| § | |
| v. § | |
| § | CRIMINAL NOS. H-01-843-1, |
| IRVIN CHERRY and § | and H-01-843-2 |
| NATHANIEL CHERRY § | |

MEMORANDUM AND ORDER

Pending are Defendant Irvin Cherry's Request for Removal of Separatise (Document No. 236) and Defendant Nathaniel Cherry's Request for Removal of Separatise (Document No. 237). The Government has not responded to the requests. After carefully considering the requests and applicable law, the Court concludes that the requests should be denied.

Irvin Cherry and Nathaniel Cherry ("Defendants"), who are brothers, are currently serving their sentences in different correctional facilities of the Bureau of Prisons. Based on communication between Defendants and between Defendants and their families, Defendants seek an order that they serve their sentences in the same correctional facility to build "a more family oriented relationship." Defendants state that their Unit Teams inform them that the Court or the Office of the United States Attorney has the authority to place Defendants inside the same correctional facility.

After a defendant is sentenced, the Bureau of Prisons ("BOP") acquires custody of the defendant until the completion of his confinement. 18 U.S.C. § 3621(a)(2012). The BOP has the authority and the discretion to determine a defendant's initial place of confinement as well as any later transfer to another facility. Id. at § 3621(b); see also Levine v. Apker, 455 F.3d 71, 80-81 (2nd Cir. 2006). Generally, the Court has no authority to determine a defendant's place of confinement. United States v. Leland, 840 F. Supp. 2d 401, 403 (D.Me. 2012); see also Foy v. United States, 285 F.R.D. 407, 410 (N.D. Iowa 2012).

Moreover, the BOP has no duty to transfer a defendant to another facility upon a defendant's request. Davis v. Carlson, 837 F.2d 1318, 1319 (5th Cir. 1988). However, the BOP has procedures by which a defendant may seek a transfer.[1] According to the Bureau of Prisons Policy Statement 5100.08, issued September 12, 2006, a defendant may request a transfer from the inmate's Unit Team.[2] The Unit Team then has the discretion to approve or deny the request.[3] If the Unit Team reviews and approves the transfer request, the Unit Team must then submit a "request for transfer/application of management variable (409)" to the Designation and Sentencing

---

[1] Federal Bureau of Prisons, Designations (May 29, 2013, 5:00:00 PM), http://www.bop.gov/inmate_programs/designations.jsp

[2] Federal Bureau of Prisons, Designations, Program Statement 5100.08, page 76 (May 29, 2013, 5:00:00 PM), http://www.bop.gov/policy/progstat/5100.008.pdf

[3] Id.

Computation Center ("DSCC").[4]  The DSCC then has the ultimate discretion to decide whether to transfer the defendant to another facility.[5]

While the BOP makes the final decision about a defendant's place of confinement, a defendant is entitled to seek relief through the Administrative Remedy Program ("The Program"). *See generally* 28 C.F.R. §§ 542.10-542.19 (2012). The Program allows an inmate to seek a formal review of an issue relating to any aspect of confinement. Fournier v. Zickefoose, 620 F. Supp. 2d 313, 316 (D. Conn. 2009). The Program requires a defendant to take the following steps: (1) an informal request to staff, (2) a formal request to the Warden, (3) an appeal to the BOP Regional Director, and (4) an appeal to the BOP General Counsel.[6]  Id.

After a defendant exhausts all the steps of The Program, a defendant may then petition the Court through a writ of habeas corpus.  28 U.S.C. § 2241 (2012).  Section 2241 allows an inmate to

---

[4] Id.

[5] Id.

[6] These request forms are commonly referred to as BP-9, BP-10, and BP-11, respectively. Owens v. Tamez, Civ. A. No. 4:07-CV-502-Y, 2008 WL 718650, at *2 (N.D. Tex. Mar. 17, 2008).  Upon a defendant filing the BP-9 request form, the Warden has 20 days to respond, and then the defendant has 20 days to file an appeal to the BOP Regional Director with a BP-10 form. Zickefoose, 620 F. Supp. 2d at 316.  The BOP Regional Director then has 30 days to respond to the defendant's BP-10 form, and upon response, the defendant then has 30 days to appeal to the BOP General Counsel with a BP-11 form.  Id.  The BOP General Counsel then has 40 days to respond.  Id.

challenge the manner in which his sentence is being carried out. Padilla v. United States, 416 F.3d 424, 426 (5th Cir. 2005); *see also* Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). However, "there is no federal constitutional right to incarceration in any particular prison or portion of a prison." Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000). Thus, the kind of requests now made by the Cherry brothers is unlikely to form the basis for a successful habeas corpus petition.

In any event, as has been observed above, it is not this Court's prerogative to order the BOP to incarcerate the Cherry brothers at the same facility. They may, however, seek a transfer from their Unit Team or further review of their confinement through The Program.

For the foregoing reasons, it is

ORDERED that Defendant Irvin Cherry's and Defendant Nathaniel Cherry's Requests for Removal of Separatise (Document Nos. 236 and 237) are both DENIED.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 31ST day of May, 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE